CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 3 1 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DON W. MCKINNEY, | ) | Civil Action No. 7:11-cv-00028 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMONWEALTH OF | ) | |
|     VIRGINIA, et al., | ) | By: Hon. James C. Turk |
|     Defendants. | ) | Senior United States District Judge |

Don W. McKinney, proceeding pro se, filed a complaint that the court construes as arising from 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Commonwealth of Virginia; Virginia judges John Kilgore and Robert Stump; the Department of Mental Health, Mental Retardation, and Substance Abuse Services ("DMHMR"); the Forensic Review Panel; the Big Stone Gap Police Department; the Lee County Sheriff's Department; Don E. Earls, a private person who accused plaintiff of a crime; and Berlin Skeen, a private attorney. Plaintiff did not pay the $350 filing fee upon submitting his complaint, which the court construes as a request to proceed in forma pauperis. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915(e)(2). After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his complaint. Don E. Earls accused plaintiff of stalking his daughter, and the other defendants discriminate and have been prejudiced against plaintiff since that accusation. Plaintiff claims he and the woman were in a relationship and that they intended to marry. However, the relationship deteriorated at some point, possibly when the plaintiff referred to the woman as a whore and the woman "kneed [plaintiff] in the testicles."

(Compl. 2.) Plaintiff acknowledges that he is subject to some type of on-going proceedings in the Circuit Court for the County of Wise.

Plaintiff complains that Judge Kilgore will not allow plaintiff to go to the Veterans Administration medical facilities in Johnson City, Tennessee, or Norton, Virginia. Plaintiff is also upset that the DMHMR believe plaintiff has a mental illness. Relatedly, plaintiff blames attorney Skeen and Judge Stump for forcing him in 1994 to sign a plea of not guilty by reason of insanity. Plaintiff also adds that the police officer who swore out a warrant against plaintiff for operating a motor vehicle as a habitual offender must have been delusional because plaintiff had a moped, which should not be considered a motor vehicle, and was inoperable. Plaintiff states he does not want damages but just wants to "clear his name."

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the

2

elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, the Commonwealth of Virginia, DMHMR, the Forensic Review Panel, and the police and sheriff's departments are not considered "persons" under § 1983. Furthermore, neither Don Earls nor Berlin Skeen acted under color of state law. Moreover, the court cannot compel Judges Kilgore and Stump to behave a particular way via mandamus or an injunction. See 42 U.S.C. § 1983 (barring injunctions against judicial officers for judicial actions or omissions "unless a declaratory decree was violated or declaratory relief was unavailable"); Gurley v. Superior Ct. of

Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969).[1] The court also declines to grant declaratory relief about the alleged prejudices occurring in the state-court action. See Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (recognizing the Declaratory Judgment Act, 28 U.S.C. § 2201, as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant); Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942) (stating a federal court should ordinarily decline, for reasons of efficiency and comity, to grant declaratory relief "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties"). Therefore, the court determines that the complaint will be dismissed without prejudice for failing to state a claim upon which relief may be granted.

III.

For the foregoing reasons, the court grants plaintiff's request to proceed in forma pauperis and dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This _31st_ day of January, 2011.

/s/ James C. Turk
Senior United States District Judge

---

[1] Plaintiff, a repeated filer in this district court, is also reminded that a federal court may, and often must, decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them. See Younger v. Harris, 401 U.S. 37, 53-54 (1971) (requiring federal courts to abstain when a criminal defendant seeks a federal injunction to block his state court prosecution on federal constitutional grounds). Plaintiff acknowledges that state court proceedings are on-going and related to the facts and claims raised in this action.